UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES MILLER,<br><br>              Plaintiff,<br><br>    -against-<br><br>KELLY AHEARN, JAMES LAMANNA, GAIL WILLIAMS, JEROME INNIS, JOHN SHIPLEY, LT. KORDAY, TRACY O'BRYAN, MICHELLE BLAIR, LT. V. LIMAYE, THOMAS McGUINESS, EDWARD BURNETT,<br><br>              Defendants. | 7:2020-cv-02950-NSR-JCM<br><br>Hon. Nelson Stephen Roman |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'</u><br><u>MOTION FOR SUMMARY JUDGMENT</u>

s/Joshua R. Friedman, Esq.
Of Counsel
LaMarche Safranko Law PLLC
*Attorneys for Defendants*
987 New Loudon Road
Cohoes, New York 12047
(518) 982-0770
JFriedman@LSLawNY.com

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ............................................................................................. 1

**STATEMENT OF FACTS** ................................................................................................. 3

**STANDARD OF REVIEW** ............................................................................................... 4

**POINT I** ............................................................................................................................ 5

**SUMMARY JUDGMENT IS WARRANTED ON THE BASIS THAT THE AMENDED
COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE
GRANTED** ........................................................................................................................ 5

**POINT II** .......................................................................................................................... 10

**PLAINTIFF'S ALLEGATIONS PERTAINING TO CONDUCT ALLEGED TO HAVE
OCCURRED MORE THAN THREE YEARS PRIOR TO COMMENCEMENT OF THE
ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS** .................................... 10

**POINT III** ......................................................................................................................... 11

**DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT INASMUCH AS
PLAINTIFF CANNOT MEET HIS BURDEN OF DEMONSTRATING THAT HE
SUFFERED AN ADVERSE EMPLOYMENT ACTION, OR THAT THE ADVERSE
ACTION OCCURRED UNDER CIRCUMSTANCES GIVING RISE TO AN INFERENCE
OF DISCRIMINATION OR RETALIATION** ..................................................................... 11

**POINT IV** ......................................................................................................................... 16

**DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY INASMUCH AS THEIR
CONDUCT DID NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR
CONSTITUTIONAL RIGHTS** .......................................................................................... 16

**POINT V** ........................................................................................................................... 17

**PLAINTIFF'S CLAIM RELATED TO THE PURPORTEDLY
DISCRIMINATORY/RETALIATORY DENIAL OF HIS FMLA APPLICATION IS
BARRED INASMUCH AS THE STATUTE ITSELF PROVIDES THE EXCLUSIVE
REMEDY FOR ANY SUCH ALLEGED VIOLATION** ....................................................... 17

**CONCLUSION** ................................................................................................................ 17

# TABLE OF AUTHORITIES

Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 322-23 (1986) ...................................................... 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ................................................................. 5

Ashcroft, 556 U.S., at 663................................................................................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)................................................... 5

*Bermudez v. City of New York*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011) ................................... 6

*Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999) ..................................... 15

*Brodt v. City of N.Y.*, 4 F.Supp. 3d 562, 568 (S.D.N.Y. 2014)...................................... 15

*Burgis v. New York City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015)................................ 5

*Collins v. New York City Transit Auth.*, 305 F.3d 113, 115 (2d Cir. 2002).................................. 14

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. ___, 140 S. Ct. 1009, 1019

   (2020)........................................................................................................... 7

*Cooper v. Franklin Templeton Invs.*, No. 22-2763-CV, 2023 WL 3882977 (2d Cir. June 8, 2023) 6

*Cooper v. Templeton*, 629 F. Supp. 3d 223, 231, 233 (S.D.N.Y. 2022) ......................................... 6

*E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014) ............. 1, 8

*Gass v. Evergreen Aviation Ground Logistics Enter., Inc.*, No. 07CV402ENVRER, 2008 WL

   11437035, at *4 (E.D.N.Y. Oct. 15, 2008).................................................................. 15

*Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002)..................................... 9

*He Myers v. Moore*, 326 F.R.D. 50, 58 (S.D.N.Y. 2018) ............................................... 4

*Heelan v. Goord*, 2006 WL 2335550, at *5 (N.D.N.Y. Aug 10, 2006)........................................ 14

*Kunik v. New York City Dep't of Educ.*, 436 F. Supp. 3d 684, 693–94 (S.D.N.Y. 2020), aff'd, 842 F. App'x 668 (2d Cir. 2021) ................................................................................. 12

*LaFontant v. Mid-Hudson Forensic Psychiatric Ctr.*, No. 18-CV-23 (KMK), 2023 WL 6610764, at *14 (S.D.N.Y. Oct. 10, 2023) ....................................................................11

*Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) ..................................................... 6

*Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) ................................... 7

*Liverpool v. City of New York*, No. 20-CV-4664 (ER), 2023 WL 7723165, at *8 (S.D.N.Y. Nov. 15, 2023) ................................................................................................ 10

*Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) ................................................. 2, 10

*Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ......................................................... 6

*Poe v. Leonard*, 282 F.3d 123, 131 (2d Cir. 2002) ........................................................................ 16

*Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) .................................................................... 9

*Reynolds v. Barrett*, 685 F.3d 193, 202 (2012) ............................................................................... 8

*Sanders v. New York City Hum. Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) ......................... 12

*Smith v. Local 819*, 291 F.3d 236, 240 (2d Cir. 2002) ..................................................................... 4

*Stewart v. City of New York*, No. 22-2775, 2023 WL 6970127, at *2 (2d Cir. Oct. 23, 2023) .... 14

*Sutter v. Dibello*, No. 18-CV-817(SJF)(AKT), 2021 WL 930459, at *14 (E.D.N.Y. Mar. 10, 2021) ................................................................................................. 3, 17

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002) ........................... 2, 8

*Sykes v. Rachmuth*, No. 22 CIV. 3989 (JPC), 2023 WL 2752865, at *6 (S.D.N.Y. Mar. 31, 2023) 6

*Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011) .................. 14

*Tyson v. Town of Ramapo*, No. 17-CV-04990 (PMH), 2023 WL 3949057, at *3–4 (S.D.N.Y. June 12, 2023) ................................................................................................. 12

*Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 88 (2d Cir. 2005) ........................................................ 16

Statutes

Fed. R. Civ. P. 56 (c) .......................................................................................................................... 8

**PRELIMINARY STATEMENT**

This memorandum of law is submitted by defendants KELLY AHEARN, JAMES LAMANNA ("Jamie LaManna"), GAIL WILLIAMS, JEROME INNIS ("Jerome Inniss"), JOHN SHIPLEY, LT. KORDAY ("Michael Corday"), TRACY O'BRYAN ("Tracy Obryan"), MICHELLE BLAIR ("Michele Blair"), LT. V. LIMAYE ("Vishnu Limaye"), THOMAS McGUINESS ("Thomas McGuinness"), and EDWARD BURNETT (collectively, "Defendants"),[1] in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56 (the "Motion") seeking to dismiss this action brought by plaintiff JAMES MILLER ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[2]

Plaintiff, a former correctional officer employed by the New York State Department of Corrections and Community Supervision, and stationed at Downstate Correctional Facility, alleges that each of the Defendants "violated the Equal Protection clause of the United States Constitution as made actionable by 42 U.S.C. section 1983 by engaging in intentional racial discrimination and/or by retaliating against plaintiff for his complaints of racial discrimination against their employer, DOCSS [sic], and against many of them individually." Dkt 23, p. 29.

First, it is submitted that Plaintiff's Amended Complaint relies chiefly upon speculative, conclusory allegations that are insufficient to satisfy the pleading standard required pursuant to Rule 8 of the Federal Rules of Civil Procedure, and, thus, fails to state a claim upon which relief can be granted against any of the Defendants. Plaintiff's Amended Complaint fails to allege nonconclusory facts "sufficient to 'nudge[ ] [its] claims...across the line from conceivable to plausible." *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014),

---

[1] Each of the defendants with parenthetical restatements following their names were sued and served under incorrect spellings of their names. They will be referred to using their correct names, which are indicated in parentheticals.

[2] Plaintiff initially named "Jackie Reynolds" as an additional defendant in this action. However, following Ms. Reynolds' deposition, Plaintiff stipulated to discontinue the action as against Ms. Reynolds. Dkt 65.

1

quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002). Instead, Plaintiff relies primarily upon the sort of labels, conclusions, and formulaic recitations of his cause of action's elements which courts have held to be inadequate to state a discrimination or retaliation claim.

Second, numerous of Plaintiff's allegations are barred by the three-year statute of limitations applicable to his causes of action. *See Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020). Plaintiff's initial Complaint was filed on April 20, 2020, and subsequently amended on October 27, 2020. Accordingly, even assuming, arguendo, that all claims in the Amended Complaint relate back to the filing of the initial Complaint, all discrete acts of discrimination and/or retaliation alleged in the Complaint to have occurred prior to April 20, 2017 are time barred.

Third, in the event the Court finds that the Amended Complaint is adequately pled, the evidence submitted in support of the Motion nevertheless establishes that Plaintiff will be unable to meet his initial burden of establishing that any of the defendants caused him to suffer an adverse employment action, or that such action occurred under circumstances giving rise to an inference of discrimination or retaliation. The evidence in support of the Motion establishes legitimate, nondiscriminatory, and nonretaliatory justifications for each of the actions taken by each of the defendants, or demonstrates that such alleged conduct did not occur at all. The evidence further demonstrates that Plaintiff will be unable to meet his ultimate burden of establishing that any purported discrimination or retaliation was the "but-for" cause of any adverse employment action against him.

Fourth, each of the Defendants are entitled to qualified immunity insofar as their alleged conduct did not violate clearly established rights of the Plaintiff.

Finally, to the extent Plaintiff's claims pertain to alleged discriminatory or retaliatory denial of his application for leave pursuant to the federal Family Medical Leave Act, courts have held that such claims are foreclosed inasmuch as such statute provides its own comprehensive remedial framework, which provides the exclusive remedy for such violations of a Plaintiff's rights under the statute. *See Sutter v. Dibello*, No. 18-CV-817(SJF)(AKT), 2021 WL 930459, at \*14 (E.D.N.Y. Mar. 10, 2021).

**STATEMENT OF FACTS**

The material facts are set forth in Defendants' accompanying Statement of Material Facts Pursuant to Local Rule 56.1, and in the interest of judicial economy, will not be repeated at length herein. In short, while working as a correctional officer at Downstate Correctional Facility between 2016 to 2020, Plaintiff commenced numerous workers' compensation claims and initiated hundreds of complaints against his supervisors. Statement of Material Facts (hereinafter "SMF"), ¶ 4. Plaintiff now alleges numerous varied, discrete acts by each of the Defendants (as well as nondefendants) between 2016-2020 that he claims to have been motivated by discrimination against him on the basis of his race, or retaliation for his opposition to racial discrimination. Dkt 23, ¶¶ 3, 198. With regard to certain of these discrete acts, Plaintiff alleges in conclusory terms that "white" or "Caucasian" officers were treated differently than he was. Dkt 23, ¶¶ 33, 42, 48, 60, 64, 77, 80, 93, 137, 190, 191, 192.

Each of the Defendants were employed by DOCCS during the time period relevant to the Amended Complaint and assigned to work either at Downstate Correctional Facility or DOCCS Central Office in Albany, New York. Two of the Defendants – Kelly Ahearn and Michele Blair – never met or spoke to Plaintiff (SMF, ¶¶ 6, 105), while others had varying levels of interaction with him. As set forth in detail in the Declarations submitted in support of the Motion, and exhibits

3

thereto, each of the actions alleged by Plaintiff to have been discriminatory, to the extent they occurred at all, were founded upon a race-neutral application of DOCCS directives, policies, or procedures. The evidence further demonstrates that, to the extent Plaintiff alleges to have been treated less favorably to white officers, such allegations are based upon nothing more than Plaintiff's inadmissible speculation, hearsay, and conjecture.

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 56 (c), judgment in favor of the movant is appropriate if "the pleadings and discovery, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order to avoid summary judgment, a plaintiff may not merely rest on the allegations of his pleading, but must come forward with admissible evidence demonstrating a genuine issue of material fact for trial. *See Smith v. Local 819*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal). "The mere existence of a scintilla of evidence" in support of the non-movant will not alone defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 322-23 (1986). "Summary judgment is not a 'disfavored procedural shortcut,' but is an integral part of the Federal Rules' goal of securing the 'just, speedy and inexpensive determination of every action.'" *Muhammad v. Maduekwe*, No. 13 CIV. 6026 (CM), 2016 WL 829740, at *4 (S.D.N.Y. Feb. 29, 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

Whereas here, a defendant argues in the alternative that summary judgment is warranted because Plaintiff's pleading fails to state a claim upon which relief may be granted, courts apply the standard of review applicable to a motion to dismiss pursuant to Rule 12(b)(6). *He Myers v. Moore,* 326 F.R.D. 50, 58 (S.D.N.Y. 2018). Such standard requires a plaintiff to plead sufficient

4

facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, to succeed in stating a claim against a defendant, the plaintiff's allegations against such defendant must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 545. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

### POINT I

### SUMMARY JUDGMENT IS WARRANTED ON THE BASIS THAT THE AMENDED COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED

It is submitted that the evidentiary material submitted by Defendants in support of the Motion is more than sufficient to establish their entitlement to summary judgment. However, the Court need not proceed to such analysis, inasmuch as Plaintiff's claims, as pled in the Amended Complaint, fail to state a claim upon which he may obtain relief.

To state a claim under Section 1983, a plaintiff must do more than offer "label and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S., at 678. The complaint must do more than "infer more than the mere possibility of misconduct", and it will not suffice for a plaintiff to "tender[ ] naked assertion[s] devoid of "further factual enhancement." *Id.* (internal quotation marks and citation omitted). In this regard, to state a discrimination claim under the Fourteenth Amendment Equal Protection Clause under Section 1983, "plaintiffs must sufficiently allege that defendants acted with discriminatory intent." *Burgis v. New York City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015); s*ee Bermudez v. City of New*

*York*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011) (noting that "[c]laims of employment discrimination under Section 1981 are analyzed under the same framework that applies to Title VII claims and claims under Section 1983.").

Unable to allege any direct evidence of racial discrimination or retaliation, Plaintiff attempts to rely on disparate treatment allegations of being treated less favorably than white officers.  Dkt 23, ¶¶ 33, 42, 48, 60, 64, 77, 80, 93, 137, 190, 191.  However, "to establish an inference of discrimination based on a showing of disparate treatment, [a plaintiff] must plead that '[he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self.'"  *Sykes v. Rachmuth*, No. 22 CIV. 3989 (JPC), 2023 WL 2752865, at \*6 (S.D.N.Y. Mar. 31, 2023); *See Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (holding that "the district court correctly concluded that adverse actions taken against employees who are not similarly situated cannot establish an inference of discrimination."); *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself.") (Internal quotation marks and citation omitted).

Here, the Amended Complaint is entirely devoid of facts to plausibly allege that Plaintiff was similarly situated in all material respects to any of the white officers allegedly provided preferential treatment.  The Amended Complaint contains no details regarding the alleged comparators in terms of their position, seniority, responsibilities, dates of employment, or even what facility they were assigned to.  *See Cooper v. Templeton*, 629 F. Supp. 3d 223, 231, 233 (S.D.N.Y. 2022), aff'd sub nom. *Cooper v. Franklin Templeton Invs.*, No. 22-2763-CV, 2023 WL 3882977 (2d Cir. June 8, 2023) (dismissing Section 1981 discrimination claims where "Plaintiff has not pled that she and the three comparators she has identified were similarly situated in terms

of position, seniority, job responsibilities, business unit, performance, length of experience, or even geography", and thus "has failed to plead factual content giving rise to even a minimal inference of discriminatory motivation"); *see generally Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) (dismissing ADEA discrimination claim where plaintiff's complaint "provides the names and positions of several executives who were fired or otherwise forced out, he offers no details that would support any inference of age discrimination, such as the executives' ages or the dates and stated reasons for their terminations. This vague allegation thus lacks facial plausibility.").

In fact, certain of Plaintiff's allegations make clear that his alleged comparator(s) were *not* similarly situated.  For instance, in paragraph 93 of the Amended Complaint, Plaintiff references three white officers that were suspended with pay, while complaining that he was suspended without pay.  However, Plaintiff further alleges that such officers were suspended "while awaiting the conclusion of a criminal investigation", and that his "suspension arose out of a series of incidents between plaintiff and a white female officer" that resulted in the filing of disciplinary, not criminal, charges.  Dkt 23, at ¶¶ 85-93.

Moreover, a plaintiff in a § 1983 action "must plead that each Government-official defendant, *through his own individual actions*, has violated the Constitution" (*Ashcroft*, 556 U.S., at 663), and "must initially plead and ultimately prove that, *but for race*, [he] would not have suffered the loss of a legally protected right."  *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. ___, 140 S. Ct. 1009, 1019 (2020) (discussing pleading standard in § 1981 context); (Emphasis Added); s*ee Bermudez v. City of New York*, 783 F. Supp. 2d 560, 576 (S.D.N.Y. 2011) (noting that "claims of employment discrimination under Section 1981 are analyzed under the same framework that applies to Title VII claims and claims under Section 1983.")

Plaintiff seeks to evade the requirement of plausibly alleging each defendant's individual, personal involvement in the allegedly discriminatory acts by failing to allege any facts as to what, if any, role each individual defendants played in providing white officers with more favorable treatment, thus failing to 'nudge[ ] [his] claims...across the line from conceivable to plausible.'" *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 254 (2d Cir. 2014), *quoting Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 997 (2002).

By way of example, paragraph 33 of the Amended Complaint, alleges defendant Inniss presented Plaintiff with a formal counseling stating that his hair style failed to comply with directive #3083, and identifies two white officers wore spiked hair styles at the same time "with no departmental response or counseling." However, Plaintiff fails to allege that Sgt. Inniss (or any other individual defendant) had any authority over the two white officers, or was even aware that the white officers had nonconforming hair styles. In short, there are no allegations that Sgt. Inniss, himself, was personally involved in affording such officers with preferential, disparate treatment so as to give rise to an inference of discriminatory or retaliatory intent. *See also* ¶ 137 (alleging defendant McGuinness directed Plaintiff to write a memo for wearing sneakers, while a white officer was wearing sneakers and not required to write a memorandum, but failing to allege any facts to demonstrate McGuinness had any interaction with such white officer, or knew the officer was wearing sneakers).

In other allegations pertaining to alleged disparate treatment, Plaintiff seeks to impermissibly rely upon a general pattern-or-practice theory of disparate treatment which the Second Circuit has expressly held cannot be applied where, as here, a plaintiff is asserting Section 1983 claims against *individual* state actors, and not against his employer as a whole. *See Reynolds v. Barrett*, 685 F.3d 193, 202 (2012) ("What remains, then, is plaintiffs' assertion that the Title VII

8

pattern-or-practice framework may be applied to analyze discrimination claims brought pursuant to 42 U.S.C. § 1983 against individual state officials. We have never employed the framework in such a manner, and we decline to do so here."); *Raspardo v. Carlone*, 770 F.3d 97, 115 (2d Cir. 2014) ("Thus, our prior cases have established only that when a plaintiff alleges that multiple individual defendants have engaged in uncoordinated and unplanned acts of harassment, each defendant is only liable under § 1983 when his own actions are independently sufficient to create a hostile work environment."); *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002) ("In order to survive a motion for summary judgment on his Title VII, equal protection, and § 1985(3) conspiracy claims, Grillo must come forward with at least some credible evidence that the actions of the individual appellees were motivated by racial animus or ill-will.").

With regard to Plaintiff's retaliation-based claim, his allegations are also plainly insufficient to state a claim upon which relief may be granted. Simply put, the Amended Complaint is entirely devoid of any nonconclusory factual allegations to support Plaintiff's speculative claims that each of the individual defendants retaliated against him in response to a complaints of racial discrimination. The Amended Complaint does not allege (i) which of Plaintiff's purported complaints he was retaliated against for, (ii) what the content of the complaints were, (iii) whether the complaints alleged racial discrimination, (iv) when, where, how, or whether any individual defendant learned about such complaints, (iv) whether the complaints named any of the individual defendants or were against DOCCS generally, (v) or any other facts that would support a plausible inference of retaliatory conduct by any of the individual defendants. Nor does Plaintiff make any effort to distinguish between those alleged actions by each defendant that he alleges were motivated by discrimination, and those he alleges were motivated by retaliation. *See, e.g.*, Dkt 23, ¶ 198 (accusing defendants of violating his constitutional rights by engaging in intentional racial

9

discrimination "and/or" by retaliating against plaintiff for his complaints of racial discrimination against their employer, DOCSS, and many of them individually."

In sum, the Amended Complaint (i) fails to plausibly allege that any comparators identified in the Amended Complaint were similarly situated in all material respects to Plaintiff, (ii) fails to allege facts capable of raising even a minimal inference that each of the individual defendants were motivated by intentional discriminatory or retaliatory animus, (iii) seeks to impermissibly rely upon a pleading theory of a widespread discriminatory pattern or practice that had been held to be inapplicable to Section 1983 claims against individual state officials, and (iv) fails to allege any nonconclusory facts sufficient to state a claim for retaliation under § 1983.

## POINT II

### PLAINTIFF'S ALLEGATIONS PERTAINING TO CONDUCT ALLEGED TO HAVE OCCURRED MORE THAN THREE YEARS PRIOR TO COMMENCEMENT OF THE ACTION ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff's Amended Complaint purports to assert a single cause of action pursuant to 42 U.S.C. § 1983 based upon conduct that occurred in the State of New York. It is well settled that such causes of action are subject to a three-year statute of limitations. *See Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020); *Liverpool v. City of New York*, No. 20-CV-4664 (ER), 2023 WL 7723165, at *8 (S.D.N.Y. Nov. 15, 2023) ("The statute of limitations for § 1983 actions filed in New York is three years.").

Plaintiff's initial Complaint was filed on April 20, 2017. Dkt 1. Yet, Plaintiff's Amended Complaint contains allegations of discrete acts by individual defendants dating back to 2016. *See* Dkt 23, ¶ 16 (alleging on July 22, 2016 defendant Inniss directed Plaintiff to cease and desist making entries concerning [what he believed were] improper practices in the facility's log book") (brackets in original); ¶ 17 (alleging on or about August 10, 2016 defendant Shipley served

10

Plaintiff with a notice advising that the department proposed to suspend him for 30 days relating to his failure to return a thermal imaging thermometer); ¶¶ 26-27 (alleging on September 27, 2016 defendant Corday sent plaintiff a memo claiming that the time office had not receive time cards he had purportedly submitted); ¶¶ 28-29 (alleging on November 4, 2016 defendant Shipley signed a notice of discipline which plaintiff received on November 8, 2016).  Accordingly, to the extent that Plaintiff alleges that these incidents were motivated by discrimination or retaliatory motive, such claims are time-barred pursuant to the three-year statute of limitations.

## POINT III

### DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT INASMUCH AS PLAINTIFF CANNOT MEET HIS BURDEN OF DEMONSTRATING THAT HE SUFFERED AN ADVERSE EMPLOYMENT ACTION, OR THAT THE ADVERSE ACTION OCCURRED UNDER CIRCUMSTANCES GIVING RISE TO AN INFERENCE OF DISCRIMINATION OR RETALIATION

Even if this Court determines that Plaintiff's Amended Complaint states a claim upon which relief can be granted (*see* Point I, *supra*), it is submitted that Defendants are nevertheless entitled to summary judgment inasmuch as Plaintiff is not able to meet his burden on the Motion.

Courts analyze Section 1983 discrimination and retaliation claims under the well settled *McDonnell Douglas* framework.  *See LaFontant v. Mid-Hudson Forensic Psychiatric Ctr.*, No. 18-CV-23 (KMK), 2023 WL 6610764, at *14 (S.D.N.Y. Oct. 10, 2023).

This Court recently aptly and succinctly described the applicable analysis as follows:

> **The plaintiff must first present a prima facie case of discrimination under that framework "by demonstrating that (1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination."** ***Id.*** **(quoting** ***Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74-75 (2d Cir. 2016)). The burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the adverse employment action."** ***Id.*** **(quoting Walsh, 828 F.3d at 74-75).**

11

> **"If the defendant articulates a legitimate reason for the action, the presumption of discrimination raised by the prima facie case drops out, and the plaintiff has the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision and that the plaintiff's membership in a protected class was." Id. (citing McDonnell Douglas, 411 U.S. at 804, 93 S.Ct. 1817). Although the McDonnell Douglas framework is employed to analyze § 1983 claims, "courts must account for a § 1983 plaintiff's higher burden of producing evidence from which a jury could infer that the individual's discriminatory intent was a 'but-for' cause of the adverse employment action." *Naumovski v. Norris*, 934 F.3d 200, 214 (2d Cir. 2019). Accordingly, at the third step of the McDonnell Douglas analysis, a plaintiff asserting a § 1983 claim bears a higher burden in establishing that the employer's alternative, nondiscriminatory reason for the adverse employment action is "pretextual." *Naumovski*, 934 F.3d at 214.4**

*Tyson v. Town of Ramapo*, No. 17-CV-04990 (PMH), 2023 WL 3949057, at *3–4 (S.D.N.Y. June 12, 2023).

Here, the evidence submitted in support of the Motion demonstrates that Plaintiff is unable to meet his *prima facie* burden with regards to the required *McDonnell Douglas* elements that (i) he was subject to an adverse employment action; or (ii) that such adverse action occurred under circumstances giving rise to an inference of discrimination.

## I.    Adverse Employment Action

 "An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." *Kunik v. New York City Dep't of Educ.*, 436 F. Supp. 3d 684, 693–94 (S.D.N.Y. 2020), aff'd, 842 F. App'x 668 (2d Cir. 2021), as amended (Jan. 26, 2021).   In this regard, "[e]xamples of such a change include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation." *Sanders v. New York City Hum. Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (Internal quotation marks and citation omitted).

Here, the bulk of the allegations against the individual defendants pertain to conduct that is not alleged to have resulted in any comparable adverse impact on the terms and conditions of Plaintiff's employment, and many which had only a trivial effect. The evidence establishes that any informal or formal counseling purportedly received by Plaintiff was <u>not</u> discipline, and was merely viewed by DOCCS as an opportunity to provide further necessary training. SMF, ¶ 118. Moreover, many of Plaintiff's allegations pertain to trivial inconveniences, such as receiving notices, criticisms, or directions to take certain actions. *See, e.g.*, Dkt 23, ¶¶ 26 (received a memo from Corday); 37 (Corday directed another officer to meet with Plaintiff informally); 48 (Corday claimed he had failed to submit timecards); 119 (Williams wrote to Plaintiff and ordered him to submit timesheets); 120 (Williams rejected medical documentation as nonconforming); 137 (McGuinness directed him to write a memo); 177 (notified by Ahearn of need to submit documentation).

Plaintiff alleges three instances in which he was formally charged with disciplinary violations. Dkt 23, at ¶¶ 28; 90; 186. However, as the evidence submitted in support of the Motion makes clear, only DOCCS Bureau of Labor Relations had the authority, or ability, to commence formal disciplinary charges. The only individual defendant employed within the Bureau of Labor Relations was defendant Shipley. For his part, defendant Shipley has submitted a detailed Declaration setting forth the basis for his commencement of formal disciplinary charges against Plaintiff, and the evidence and factual basis supporting them. *See* Shipley Declaration.

The November 4, 2016 Notices of Discipline against Plaintiff were resolved by a settlement agreement with Plaintiff in which he agreed to the penalty imposed. Accordingly, Plaintiff himself was responsible for imposition of such penalty insofar as he agreed to be subject to it. SMF, ¶ 57. Plaintiff had a full and fair opportunity to challenge the remaining two Notices of Discipline. With

13

regard to the January 2018 Notice of Discipline, such charges were the subject of a full evidentiary hearing before a neutral arbitrator, and resulted in a finding that Plaintiff engaged in the conduct contained in the Notice of Discipline, and that he was not credible.  Accordingly, any allegation that such Notice of Discipline was not justified is barred by collateral estoppel.  *See Heelan v. Goord*, 2006 WL 2335550, at *5 (N.D.N.Y. Aug 10, 2006) (holding that DOCCS "arbitration proceeding constitutes a prior adjudication for purposes of collateral estoppel"); *see also Collins v. New York City Transit Auth.*, 305 F.3d 113, 115 (2d Cir. 2002) ("Where an employee's ultimate termination depends upon, and is allowed by, a decision of an independent and unbiased arbitrator based on substantial evidence after a fair hearing, the arbitration decision has probative weight regarding the requisite causal link between an employee's termination and the employer's illegal motive.").  Moreover, Plaintiff filed a grievance with regard to the October 3, 2019 Notice of Discipline, and was represented by counsel when such grievance was heard.  The grievance was denied at the agency level, and Plaintiff declined to exercise his collectively bargained for right to appeal, thus resulting in his separation from service and loss of accrued leave.  SMF, ¶ 59.

In sum, insofar as the evidence demonstrates that any allegedly discriminatory or retaliatory actions by any of the individual defendants did not result in more than mere inconvenience or alteration of job responsibilities, such claims must be dismissed.  *Stewart v. City of New York*, No. 22-2775, 2023 WL 6970127, at *2 (2d Cir. Oct. 23, 2023) ("But criticism, verbal reprimands, and notices of potential discipline, by themselves, do not qualify as adverse employment actions."); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011) (holding that "even assuming the counseling rose to the level of some form of criticism, we have held, in the context of the issuance of a "counseling memo," that criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid

14

discipline) is not an adverse employment action.") (Internal citations and quotation marks omitted).

II.      Circumstances Giving Rise to Inference of Discrimination/Retaliation

Plaintiff is also unable to meet his burden of establishing that any adverse employment actions occurred under circumstances giving rise to an inference of discrimination or retaliation. As an initial matter, there is simply no direct evidence of discrimination or retaliation in this case. The evidence submitted in support of the Motion makes clear that Plaintiff's allegations of discrimination and harassment are largely based upon, at most, his subjective belief that each of the defendant's took action(s) directed at him that were based upon discriminatory or retaliatory motives. However, "a subjective belief that actions were taken for a discriminatory reason is insufficient to state a discrimination claim. *Brodt v. City of N.Y.*, 4 F.Supp. 3d 562, 568 (S.D.N.Y. 2014) (citing *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999)).

Each of the individual defendants has submitted Declarations in which they detail the race-neutral justifications for their alleged conduct, and, in many instances, attest that such alleged conduct never even occurred. Moreover, Plaintiff's deposition testimony makes clear that, in many instances, his purported beliefs that such actions were discriminatory were based upon nothing more than inadmissible hearsay, speculation, and/or conjecture.

Notably, with regard to defendants Blair and Ahearn, the evidence submitted in support of the Motion establishes that neither had ever met Plaintiff, and were not aware of his race during the relevant time period. SMF, ¶¶ 6, 105; *Gass v. Evergreen Aviation Ground Logistics Enter., Inc.*, No. 07CV402ENVRER, 2008 WL 11437035, at *4 (E.D.N.Y. Oct. 15, 2008) ("It is axiomatic that there can be no disparate treatment if the decision maker was unaware of a plaintiff's race at the time the adverse decision is made."); *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 88 (2d Cir.

15

2005) (holding plaintiff "was obliged to adduce some admissible evidence indicating defendants' knowledge as to" protected characteristic").

Plaintiff himself also testified unambiguously that defendant Limaye did not discriminate against him or harass him.  SMF, ¶ 121.  With regard to Plaintiff's allegations of disparate treatment, Plaintiff's deposition testimony revealed that he lacked knowledge of key details relating to such comparators necessary to meet his burden of showing that they were similarly situated, or otherwise show that they in fact received more favorable treatment *from the individual defendants*.  *See, e.g.*, SMF, ¶¶ 92-93; 150-151; 63-66.

In sum, based upon the evidence submitted in support of the Motion, it is submitted that Plaintiff cannot meet his prima facie burden of demonstrating that each of the defendants, through their own actions, subjected him to any adverse employment action, or that such actions occurred under circumstances giving rise to the inference of discriminatory or retaliatory intent by such individual defendant.  Moreover, Plaintiff cannot meet his ultimate burden of showing that any defendant's purported discriminatory or retaliatory conduct was the "but-for" cause of any alleged adverse employment action.

## POINT IV

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY INASMUCH AS THEIR CONDUCT DID NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS

The qualified immunity doctrine shields governmental officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Poe v. Leonard*, 282 F.3d 123, 131 (2d Cir. 2002) (Internal quotation marks and citation omitted).  As set forth above, it is submitted that none of the defendant's alleged discretionary acts violated any

16

statutory or constitutional rights of the Plaintiff.  Thus, each of the defendants are entitled to the protection of qualified immunity.

### POINT V

### PLAINTIFF'S CLAIM RELATED TO THE PURPORTEDLY DISCRIMINATORY/RETALIATORY DENIAL OF HIS FMLA APPLICATION IS BARRED INASMUCH AS THE STATUTE ITSELF PROVIDES THE EXCLUSIVE REMEDY FOR ANY SUCH ALLEGED VIOLATION

Finally, in addition to the grounds for dismissal cited above, it is further submitted that Plaintiff's claims relating to his denial of FMLA must be dismissed because such statute provides its own comprehensive remedial framework that provides the exclusive remedy for such violations of a Plaintiff's rights under the statute.  *See Sutter v. Dibello*, No. 18-CV-817(SJF)(AKT), 2021 WL 930459, at *14 (E.D.N.Y. Mar. 10, 2021) (holding that "plaintiff cannot base her Section 1983 claims upon violations of the FMLA. [B]ecause the FMLA provides a comprehensive remedial framework, enforcement of alleged FMLA violations through § 1983 is foreclosed.") (Internal quotation marks and citation omitted).  Accordingly, even if Plaintiff were able to raise a triable issue of fact with regard to an alleged improper denial of his FMLA application (which he is not) any claim based upon such allegations must nevertheless be dismissed.

### CONCLUSION

For all of the foregoing reasons, it is respectfully requested that each of the Defendants be granted summary judgment, dismissing the Amended Complaint against them with prejudice, and granting such other and further relief as this Court deems just and proper.

[Signature Page Follows]

17

Dated:  December 6, 2023

_____
s/Joshua R. Friedman, Esq.,
*Of Counsel*
LAMARCHE SAFRANKO LAW PLLC
*Attorneys for Defendants*
987 New Loudon Road
Cohoes, New York 12047
(518) 982-0770
JFriedman@LSLawNY.com