```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  08/20/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES MILLER,

      Plaintiff,

 -against-

AHEARN et al.,

      Defendants.

No. 20 Civ. 2950 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge

  James Miller ("Plaintiff") commenced this action against Kelly Ahearn, James LaManna, Gail Williams, Jerome Inniss, John Shipley, Michael Corday, Tracy O'Bryan, Michele Blair, Vishnu Limaye, Thomas McGuinness, and Edward Burnett (collectively, "Defendants"), for equal protection violations pursuant to 42 U.S.C. § 1983. (First Amended Complaint ("FAC"), ECF No. 23.)

  Presently before the Court is Defendants' motion for summary judgment on all of Plaintiff's claims ("Motion", ECF No. 75). For the following reasons, the Court GRANTS Defendants' Motion.

**BACKGROUND**

**I. Factual Background**

  The parties have submitted briefs, statements of material fact pursuant to Local Civil Rule 56.1, and the record and exhibits from discovery in the instant proceeding, which reflect the following factual background.

  Plaintiff, a Black man, commenced working for the New York State Department of Corrections and Community Supervision ("DOCCS") in 2005. (FAC ¶ 5.) For the next ten years,

1

through 2015, Plaintiff received satisfactory annual evaluations and never received a notice of discipline. (*Id.* ¶ 6.) Beginning in 2016, however, while working as a corrections officer at Downstate Correctional Facility, Plaintiff allegedly began to be assigned to out-of-title work, while other non-Black corrections officers were favored in terms of work assignments. (*Id.* ¶¶ 7-9.) At numerous points thereafter, Plaintiff was disciplined for various infractions that he either allegedly did not commit, *id.* ¶¶ 17-29, or that white corrections officers were not similarly disciplined for, *id.* ¶¶ 33, 41-42, 48, 59-61, 137. In December 2018, Plaintiff had an argument at work with a white corrections officer and, as a result, was suspended without pay. (*Id.* ¶¶ 81-82.)

On January 3, 2019, DOCCS issued Plaintiff a notice of discipline for the December 2018 incident. (*Id.* ¶ 90.) Plaintiff complained internally regarding the discrimination he faced to Defendants Shipley and McGuiness. (*Id.* ¶ 92.) Following a disciplinary hearing, Plaintiff was sanctioned. (*Id.* ¶ 102.) Following his return to work in May 2019, Plaintiff allegedly was given assignments "typically reserved for rookie officers." (*Id.* ¶ 105.) Defendants LaManna and Shipley later placed Plaintiff against his will on unpaid administrative leave based on a doctor's note he submitted. (*Id.* ¶ 149.) In October 2019, Defendant Shipley issued Plaintiff a notice of discipline seeking his termination for engaging in acts of "workplace violence." (*Id.* ¶¶ 160-61.) In February 2020, the Department of Civil Service advised Plaintiff that he was being placed on leave without pay effective March 26, 2020, *id.* ¶ 185, and in July 2020, DOCCS sustained Defendant Shipley's notice of discipline, *id.* ¶ 188.

II.    **Procedural History**

On April 10, 2020, Plaintiff commenced the present action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 27, 2020, Plaintiff filed the FAC. (ECF No. 23.) Defendants filed a motion for summary judgment on all claims, as well as a memorandum of law ("Defs.' MoL,"

2

ECF No. 89) and a reply (ECF No. 94) in support thereof. In response, Plaintiff opposed Defendants' Motion. (ECF No. 96.)

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is

not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

A defendant may also argue in the alternative that summary judgment is warranted because the plaintiff's pleading fails to state a claim upon which relief may be granted. *See Schwartz v. Compagnie General Transatlantique,* 405 F.2d 270, 273 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."). In reviewing such an argument, courts apply the standard of review applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Hadwan v. United States Dep't of State,* No. 17-CV-578 (VEC), 2022 WL 1720397, at *7 (S.D.N.Y. May 27, 2022) (citing *Myers v. Moore*, 326 F.R.D. 50, 59 (S.D.N.Y. 2018)). Under Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

4

## DISCUSSION

I. **Disparate Treatment**

Defendants argue that Plaintiff's FAC "relies chiefly upon speculative, conclusory allegations…and, thus, fails to state a claim upon which relief can be granted against any of the Defendants." (Defs.' MoL at 1.) The Court thus begins by analyzing Plaintiff's FAC for sufficiency under Rule 12(b)(6).

Plaintiff asserts a single claim for violation of the Fourteenth Amendment's equal protection clause against all Defendants. (*See* FAC ¶ 3.) Like Title VII, "the Fourteenth Amendment protects public employees from racial discrimination and retaliation for complaining about race discrimination." *Ward v. Shaddock*, No. 14-CV-7660, 2016 WL 4371752, at *11 (S.D.N.Y. Aug. 11, 2016). To successfully plead an equal protection claim, a plaintiff must have "at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). In the absence of direct evidence of discriminatory intent, a plaintiff "may raise an inference of discrimination by demonstrating the disparate treatment of similarly situated employees." *Cooper v. Templeton*, 629 F. Supp. 3d 223, 230–31 (S.D.N.Y. 2022) (quoting *Kosack v. Entergy Enters., Inc.*, No. 14-CV-9605, 2019 WL 330870, *6 (S.D.N.Y. Jan. 25, 2019)), *aff'd sub nom. Cooper v. Franklin Templeton Invs.*, No. 22-2763-CV, 2023 WL 3882977 (2d Cir. June 8, 2023); *see also Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) ("A showing of disparate treatment—that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'— is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case.") (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). In order to do so, however, the plaintiff "must show she was similarly situated

in *all material respects* to the individuals with whom she seeks to compare herself." *Mandell*, 316 F.3d at 379 (internal quotations omitted) (emphasis added); *see also Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) ("To be 'similarly situated,' the individuals with whom [a plaintiff] attempts to compare herself must be similarly situated in all material respects."). What constitutes "all material respects" varies from case to case, but "the plaintiff and those he maintains were similarly situated [must have been] subject to the same workplace standards" and must have engaged in conduct of "comparable seriousness." *Graham*, 230 F.3d at 40. This requires "a reasonably close resemblance of…facts and circumstances." *Id.*

Plaintiff's FAC is replete with references to his alleged mistreatment compared to his white colleagues, *see* FAC ¶¶ 33, 42, 48, 60, 64, 77, 80, 93, 137, 190, but scant on details "show[ing] that [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self," *Littlejohn*, 795 F.3d at 312. In particular, Plaintiff does not include in the FAC the position, seniority, or responsibilities of the supposed comparators. Nor does he indicate that he shares supervisors with his comparators, or include any other factors that are relevant to employee discipline. *See Balogun v. New York State Div. of Hum. Rts.*, No. 22-2756, 2023 WL 8446743, at *2 (2d Cir. Dec. 6, 2023) (holding that comparators must be "'subject to the same performance evaluation and discipline standards' as [the plaintiff] and must have engaged in 'comparable conduct.'") (quoting *Graham*, 230 F.3d at 39); *Shumway*, 118 F.3d at 64 (holding that comparators were not similarly situated because, among other things, they reported to different supervisors); *Akinyemi v. Chertoff*, No. 07-CV-4048 (AJP), 2008 WL 1849002, at *5 (S.D.N.Y. Apr. 25, 2008) ("Whether or not a plaintiff reports to the same supervisor as her comparator is an important factor in finding that plaintiff and the comparator are similarly situated."). This absence of detail prevents the Court from making a meaningful comparison between Plaintiff and his

6

alleged comparators. *See Sykes v. Rachmuth*, No. 22 CIV. 3989 (JPC), 2023 WL 2752865, at *6 (S.D.N.Y. Mar. 31, 2023); *see also Johnson v. Andy Frain Servs., Inc.*, 683 F. App'x, 68, 70-71 (2d Cir. 2016) (finding discrimination claims properly dismissed where plaintiff claimed she was fired while co-worker outside of her protected class was not because plaintiff failed to allege that her co-worker had similar job descriptions or responsibilities).

By contrast, some of Plaintiff's allegations reveal that his supposed comparators were *not* similarly situated. For example, Plaintiff references three white officers who were suspended with pay, while he was suspended without pay. (FAC ¶ 93.) But the white officers were suspended "while awaiting the conclusion of a criminal investigation," whereas Plaintiff's "suspension arose out of a series of incidents between [P]laintiff and a white female officer" that resulted in the filing of disciplinary, not criminal, charges. (*Id.* ¶¶ 85-93.) The fact that white officers received "[l]ess severe punishment for…qualitatively different misconduct does not raise an inference of discrimination." *See Moultrie v. NYS Dep't of Corr. & Cmty. Supervision*, No. 13-CV-5138 (NSR), 2015 WL 2151827, at *3 (S.D.N.Y. May 7, 2015); *see also Blige v. City Univ. of New York*, No. 115CV08873GBDKHP, 2017 WL 498580, at *10 (S.D.N.Y. Jan. 19, 2017) ("[p]laintiff does not allege any facts to plausibly suggest that he was similarly situated to the 'two females' who he claims received better treatment…[p]laintiff's threadbare allegations do not present any non-speculative basis upon which this Court could conclude that he was similarly situated to the alleged comparators"), *report and recommendation adopted,* No. 15CIV08873GBDKHP, 2017 WL 1064716 (S.D.N.Y. Mar. 21, 2017).

Absent allegations that he was similarly situated to his comparators, Plaintiff provides "no more than 'naked assertions devoid of further factual enhancement' and does not allow the [C]ourt to 'draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged.'"

7

*Marcus v. Leviton Mfg. Co.*, 661 Fed. App'x 29, 32 (2d Cir. 2016) (citing *Iqbal,* 556 U.S. at 678). Instead, Plaintiff appears to argue that merely because he was disciplined and others outside his protected group were not, it must have been because of his race, but such a conclusory leap is not sufficient to allege a plausible inference of discriminatory intent. *See Colon v. City of New York*, No. 19CIV10435PGGSLC, 2021 WL 4943552, at *16 (S.D.N.Y. Jan. 15, 2021), *report and recommendation adopted,* No. 19CIV10435PGGSLC, 2021 WL 4427169 (S.D.N.Y. Sept. 26, 2021).

Plaintiff's disparate treatment claim is additionally deficient because Plaintiff fails to allege that any of the Defendants personally violated his constitutional right to equal protection under the law. Section 1983 applies by its terms only to individual "persons" responsible for violating plaintiffs' rights. Accordingly, to establish a violation of Section 1983 "by a supervisor…, [p]laintiff must establish a deliberate, intentional act on the part of the" individual defendant to violate the plaintiff's constitutional rights. *See Marhone v. Cassel*, No. 16-CV-4733 (NSR), 2022 WL 4468056, at *4 (S.D.N.Y. Sept. 26, 2022). But Plaintiff does not allege that any of the Defendants acted deliberately to discriminate against him. For example, Plaintiff claims that Defendant McGuiness directed him to "write a memorandum explaining why he was wearing sneakers at his post," while, "at the same time, a white officer…was wearing sneakers at her post and not directed to prepare any such memorandum." (FAC ¶ 137.) But, critically, Plaintiff does not allege that Defendant McGuiness held any authority over the white officer and therefore permitted her to wear sneakers. In fact, Plaintiff does not even claim that the Defendant McGuiness was aware of the white officer's wearing sneakers. Moreover, the allegedly inconsistent application of workplace rules by various supervisors does not suffice to state a claim of discrimination against an individual defendant. *See Raspardo v. Carlone*, 770 F.3d 97, 115 (2d

8

Cir. 2014) ("Thus, our prior cases have established only that when a plaintiff alleges that multiple individual defendants have engaged in uncoordinated and unplanned acts of harassment, each defendant is only liable under § 1983 when his own actions are independently sufficient to create a hostile work environment"). Such inconsistency could perhaps support a pattern-or-practice theory of disparate treatment, but this theory is only available in action against an employer as a whole, and not against individual employees. *See Reynolds v. Barrett*, 685 F.3d 193, 202 (2012) ("What remains, then, is plaintiffs' assertion that the Title VII pattern-or-practice framework may be applied to analyze discrimination claims brought pursuant to 42 U.S.C. § 1983 against individual state officials. We have never employed the framework in such a manner, and we decline to do so here.").

In sum, Plaintiff fails to adequately allege a disparate treatment claim. Rather, Plaintiff relies on speculation and conjecture to assert that the Defendants' actions in response to his conduct must have been "motivated by intentional racial bias." (*See* FAC ¶ 189.) "For all that one can tell from the [F]AC…, it is equally possible that [P]laintiff[]" was disciplined "for valid, non-discriminatory reasons." *See Burgis v. New York City Dep't of Sanitation,* 798 F.3d 63, 69 (2d Cir. 2015). "Because Plaintiff has failed to plead factual content giving rise to even a 'minimal inference of discriminatory motivation,'" his disparate treatment claim is dismissed. *See Cooper*, 629 F. Supp. 3d at 233 (quoting *Littlejohn,* 795 F.3d at 311).

## II. Retaliation

Plaintiff additionally asserts retaliation as part of his equal protection claim against Defendants. (FAC ¶ 3.) Retaliation claims brought under the Fourteenth Amendment's equal protection clause are evaluated using the same standards as Title VII retaliation claims. *Hicks v. Baines,* 593 F.3d 159, 164 (2d Cir. 2010) (analyzing Fourteenth Amendment retaliation claims

9

under Title VII principles). "To succeed on a retaliation claim under Title VII or § 1983, the plaintiff bears the initial burden of establishing a *prima facie* case by showing: '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Lewis v. City of Norwalk,* 562 F. App'x 25, 29 (2d Cir. 2014) (summary order) (quoting *Hicks,* 593 F.3d at 164). Plaintiff alleges that he both filed a complaint of unlawful racial discrimination against DOCCS and a non-party with the New York State Division of Human Rights and the Equal Employment Opportunity Commission (EEOC), and raised complaints with the DOCCS Commissioner's Office. (*See* FAC ¶¶ 32, 145-46, 183.) The filing of such complaints qualifies as a protected activity, but Plaintiff critically fails to indicate that Defendants knew about this protected activity and/or establish a causal connection between the protected activity and the mistreatment he faced. For example, Plaintiff never claims that any of the Defendants were aware of his complaint against DOCCS and a non-party. In addition, the EEOC eventually decided to take no further action on his complaint and Plaintiff also did not initiate a federal lawsuit regarding the matters raised in his EEOC charge. (*Id.* ¶¶ 117-118.) Furthermore, Plaintiff alleges that only Defendants LaManna and Shipley were aware of his internal complaints and directed him to not raise any further complaints with the Commissioner's Office, *id.* ¶¶ 145-147, 183, but Plaintiff does not connect this knowledge to LaManna, Shipley, or any other of the Defendants' allegedly discriminatory actions. For example, Plaintiff does not allege that his internal complaints concerned racial discrimination, or named any of the Defendants. Plaintiff does not even make clear which of the Defendants' actions were motivated by retaliation as opposed to a racially discriminatory animus. (*See id.* ¶ 198 (accusing defendants of violating his constitutional rights "by engaging in intentional racial discrimination…*and/or* by retaliating against plaintiff for his

10

complaints of racial discrimination against their employer, DOCSS, and many of them individually").) Without these factual averments, Plaintiff fails to raise an inference of retaliatory conduct by any of the Defendants, and his retaliation claim is dismissed.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED and all of Plaintiff's claims are dismissed. The Clerk of Court is kindly directed to terminate the motion at ECF No. 75, enter judgment in favor of the Defendants, and close the case.

Dated: August 20, 2024  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge